### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO.  RDB-21-0338** |
| **GLADSTONE NJOKEM,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### <u>MEMORANDUM ORDER</u>

Defendant Gladstone Njokem ("Njokem" or "Defendant") has been charged with five counts in an eleven-count Indictment alleging one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349, three counts of wire fraud under 18 U.S.C. § 1343, and one count of aggravated identity theft under 18 U.S.C. § 1028A(a)(1), (c)(4), (c)(5).  (Indictment, ECF No. 1.)  Now pending is Defendant's Motion to Suppress Evidence and Statements (ECF No. 39) which argues that a search warrant executed by federal agents lacked probable cause.  The Court has considered the Government's Opposition (ECF No. 42), the Defendant's Reply (ECF No. 56), and held a motions hearing on November 21, 2022.  (ECF No. 58.)  For the reasons stated on the record, and briefly reiterated below, Defendant's Motion is **DENIED**.

The Defendant argues that the search warrant issued by Magistrate Judge Thomas M. DiGirolamo on February 4, 2021, to search Defendant's residence[1] relied on facts dating back to June 2020, thereby rendering probable cause stale. (ECF No. 39). When a defendant

---

[1] Defendant is listed as a contact person on the lease, had been viewed by federal agents on the property, and is listed on the Comcast bills linked to the residence. (ECF Nos. 39, 42.)

challenges a search warrant, the government bears the burden of proof by a preponderance of the evidence at a suppression hearing. *See United States v. Matlock*, 415 U.S. 164, 177–78 n.14 (1974).

The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Supreme Court of the United States "has required that the existence of probable cause be decided by a neutral and detached magistrate whenever possible." *Gerstein v. Pugh*, 420 U.S. 103,112 (1975) (citing *Johnson v. United States*, 333 U.S. 10, 13–14 (1948)). The magistrate is required "simply to make a practical, commonsense decision whether, given all the circumstances in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Probable cause may be called into question under a "staleness" argument. As to staleness, the time between the facts supporting a finding of probable cause and the issuance of a search warrant is an important factor. *United States v. McCall*, 740 F.2d 1331, 1335–36 (4th Cir. 1984). Even so, "[t]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." *Id.*; *United States v. Farmer*, 370 F.3d 435, 439 (4th Cir. 2004) (same). In the presence of ongoing and continuous criminal activity, staleness is much less of a concern. *Farmer*, 370

F.3d at 439 (rejecting staleness argument because it was unlikely that defendant's counterfeiting operations would suddenly cease).

Significantly, the Fourth Amendment exclusionary rule does not bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a magistrate later found to be invalid. *United States v. Leon*, 468 U.S. 897, 923–24 (1984). The evidence will be suppressed only if (1) the issuing judge was misled by information that the affiant knew or should have known was false, (2) the judge "wholly abandoned" his neutral role, (3) the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the warrant is so facially deficient that no reasonable officer could presume it to be valid. *Id.* at 923 (citations omitted).

In reviewing the search warrant, this Court must show "great deference" to the probable cause determination of a magistrate judge. *Blackwood*, 913 F.2d at 142; *United States v. Hodge*, 354 F.3d 305, 309 (4th Cir. 2004); *United States v. Drummond*, 925 F.3d 681, 687 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 976 (2020). "[T]he task of the reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984); *see also United States v. Bosyk*, 933 F.3d 319, 325 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 1124 (2020).

The Government has proven by a preponderance of the evidence that the search warrant at issue contained sufficient probable cause, and Defendant's staleness argument fails. Given the evolving and continuous nature of the COVID-19 pandemic and the resulting influx of unemployment benefits applications, there was a sufficient showing that evidence

pertaining to the Defendant's alleged involvement in the fraudulent scheme based on those unemployment benefits would be present in the Defendant's residence at the time of the search warrant's execution. As the Government aptly notes, the Defendant "incorrectly argues that the scheme to defraud is complete when a fraudulent [unemployment insurance] application is submitted." (ECF No. 42 at 8.) The Government has set forth evidence that the Defendant's alleged crimes were ongoing and continuous, that the length of the alleged crimes lasted more than six months, and that evidence of unemployment insurance benefits fraud is not diminished by the passage of time. (ECF No. 42 at 7.) Further, the nature of the property sought by the search warrant, including victims' personally identifiable information, financial documents, debit and credit cards, is not the type that is ordinarily destroyed or moved. As a result, the challenged search warrant was founded on probable cause as there was a "fair probability that contraband or evidence of a crime" would have been found at the listed property. *Blackwood*, 913 F.2d at 142. [2]

Accordingly, IT IS, this 22nd day of November, 2022, hereby ORDERED that Defendant's Motion to Suppress Evidence and Statements (ECF No. 39) is **DENIED**.

_____/s/_____
Richard D. Bennett
United States District Judge

---

[2] Because this Court finds sufficient probable cause, the Defendant's parallel *Leon* argument fails. In other words, the affidavit was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923.